Judge Underwood
delivered the opinion of the Court.
Smith united with .the widow of Hos-kins in the administration of his goods and chattels. The county court removed him, and appointed an» *503 other' administrator. He thereupon filed his bill against tiie heirs and administrator, so appointed, alleging that he had disbursed for the estate more than the amount of the assets whir!» had cometo his hands, and praying for a decree against them for the excess. He exhibited a settlement of his accounts made with the county court, and a balance struck in Ins behalf, as the only evidence of the justice of his demand. He charged, that, the new administrator had assets and the heirs’ estate, by descent, sufficient to pay his demand.
Whore an acW ministiator pays debts of his intestate out ot his own funds, expecting assets at the time, and is removed from the administra tion before assets came to hanefy he is entitled to reimburse-merit out of the estate which has descended to the heirs.
Settlement made by a cl. ministrator with the co. court,decided to be prima, facie evidence.
The court dismissed his bid without prejudice, ■and he lias appealed.
If Smith, previous to his removal, paid debts of •the intestate out of his own funds, expecting assets ■at the time, and was removed before assets came to hand, it would be unjust that he should lose the sums advanced. In such a case, we think he should be substituted for the creditor, and permitted to assert in a court of equity against the subsequent administrator and heirs, the demand of the creditor which he had extinguished. The case of Trombo and ux. vs. Sourency, III Monroe, 284, is an authoiity to shew that where an executor pays' debts beyond the amount of the personal estate, specifically devised, he lias a right to proceed against the heirs for the excess. The same principle is applicable here.
Our of ground difficulty has been to determine whether Smith has shewn himself entitled to any decree upon the proof. The settlements made with the conn ty court are his only evidence. We have determined to consider those settlements .as prima facie evidence in his behalf. Burns vs. Burton, I Marshall, 349, is an authority in support of our conclusion. As the settlements shew a balance in favor of Smith, ■and as the heirs do not deny the assets charged to have descended to them, and as there is nothing impeaching the correctness of the settlements made by the county court, we think Smith was entitled to a decree.
So much of the assets which came to the hands of Smith and the widow of Hoskins, as was necessary *504 to pay tbe expenses of administration and the allowances made for their services in the administration, should be applied to these objects in preference to the payment of debts. These charges diminished, the assets, and should be deducted in ascertaining tbe amount applicable to payment of creditors. Whatever sums Smith paid to creditors above the assets applicable to their satisfaction, should have been decreed, in his favor, against the assets in the hands of the heirs, the second administrator having denied assets, and their being no proof against him.
Rudd for appellant.
Decree reversed, with costs, and cause remanded for proceedings in conformity to this opinion.